Kobbe v. Land Co.

GEORGE C. KOBBE *v.* HARRIMAN LAND COMPANY et al.

(*Knoxville.*   September Term, 1906.)

1. **DEEDS OF CONVEYANCE OF LAND.** Of a married woman executed by an attorney in fact may be validated by registration for twenty years, when.

A married woman's deed of conveyance of land executed by an attorney in fact and registered for more than twenty years in the county where the land- is situated is valid and admissible in evidence, though a married woman cannot convey her lands by an attorney in fact.

Code cited and construed:  Secs. 3761, 3762, 3764, 3765 (S.); secs. 2898, 2899, 2901, 2902 (M. & V.); secs. 2084, 2085, 2086, 2086b (T. & S.); secs. 2084, 2085 (1858).

Acts cited and construed:  1839-40, ch. 26, sec. 9; 1859-60, ch. 91, secs. 1 and 2.

Cases cited and approved:  Perry v. Calhoun, 8 Humph., 556; Matthewson v. Spencer, 3 Sneed, 513; Mathewson v. Spencer, 4 Sneed, 384; Prater v. Hoover, 1 Cold., 546; Mount v. Kesterson, 6 Cold., 452; Moseby v. Partee, 5 Heisk., 26, 30-36; Murdock v. Leath, 10 Heisk., 166, 174, 175; McCallum v. Petigrew, 10 Heisk., 397; Anderson v. Bewley, 11 Heisk., 31; Murdock v. Railroad, 7 Baxt., 8; Stroud v. McDaniel, 12 Lea, 617, 619, 620.

2. **SAME.** Defective or void probate cured by registration for twenty years, when.

A deed of conveyance of land, registered for more than twenty years, is valid and admissible in evidence, though the probate taken before a justice of the peace of another State is unauthorized, null, and void.

Code cited and construed:  Secs. 3761, 3763 (S.); secs. 2898, 2899 (M. & V.); secs. 2084, 2085 (T. & S. and 1858).

Acts cited and construed:  1839-40, ch. 26, sec. 9.

Kobbe v. Land Co.

Cases cited and approved: Bledsoe v. Wiley, 7 Humph., 507; Matthewson v. Spencer, 3 Sneed, 513; Matthewson v. Spencer, 4 Sneed, 384; Green v. Goodall, 1 Cold., 405; Anderson v. Bewley, 11 Heisk., 31; Stephenson v. Walker, 8 Baxt., 289; Hanks v. Folsom, 11 Lea, 561; Stroud v. McDaniel, 12 Lea, 617, 619, 620; Woods v. Bonner, 89 Tenn., 411.

FROM MORGAN.

Appeal from the Chancery Court of Morgan County.— D. L. LANSDEN, Chancellor.

BROWN, CASSELL & MONROE, for complainants.

HORACE M. CARR, WRIGHT, WRIGHT & MORRIS and L. RISEDEN, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The questions to be determined in this case depend principally upon the construction of sections 3761, 3762, 3764, and 3765 of Shannon's Code. These sections are as follows:

Section 3761: "Whenever a deed has been registered twenty years or more, the same shall be presumed to have been upon lawful authority, and the probate shall be good, though the certificate has not been transferred to the register's book, without regard to the form of the certificate."

Kobbe v. Land Co.

Section 3762: "Where a deed has been registered more than thirty years, but the register has failed to register the name of the grantor or bargainor, it shall be presumed that the name of the grantor or bargainor was subscribed to the deed, and the registration shall be good; and in proving the time when a deed has been registered, the date upon the books may be referred to, or the register may certify the fact as it appears upon his book, or the age or time of registration may be established by parol testimony."

Section 3764: "In all cases where a deed or deeds conveying real estate have been executed by any person or persons purporting to act as attorney or attorneys in fact, which deed or deeds have been registered, whether with or without proper probate or acknowledgment, twenty years or more in the register's office of the county where the real estate is situated, or, if the land lay within the Indian Territory at the time of said conveyance, then if registered in the register's office of any county in the State, it shall be presumed, until the contrary is shown, that said conveyance was properly made by the attorney or attorneys in fact, and such deed or deeds, or copies from the register's books, shall be deemed valid to pass the legal title to real estate in the same manner as if the same had been executed by the principal or principals; provided, that nothing herein contained shall affect the rights of creditors or purchasers for valuable consideration without notice."

Section 3765: "When a power or powers of attorney

authorizing the sale or conveyance of real estate have
been registered, whether with or without proper probate
or acknowledgment, or any probate or acknowledgment
at all, twenty years or more in the register's office of the
county where the real estate is situated, or, if the land
lay within the Indian Territory, then if registered in
the register's office of any county in the State, such power
or powers of attorney shall be deemed good and valid in
law to pass the estate conveyed by the attorney or attor-
neys in fact; provided, that nothing herein contained
shall affect the rights of creditors or purchasers for
valuable consideration without notice."

The questions to be determined arise upon objections
made to the admissibility of certain deeds in evidence,
constituting links in the complainant's chain of title;
the present suit being an action of ejectment to obtain
possession of certain lands to which complainant claims
title.

The first deed objected to was one purporting to have
been made by Eliza M. Gerding, by attorney in fact, to
Ferdinand Heidenmand, of date July 9, 1849. This was
objected to on the ground that it appeared that Eliza
M. Gerding was at the time a married woman, and could
not convey by an attorney in fact. It appeared that the
deed had been of record in the register's office of the
county where the land lay for more than twenty years.
The chancellor sustained the objection, notwithstanding
the fact last stated. To this action the complainant ex-
cepted.

Kobbe v. Land Co.

The second deed objected to purported to have been made by Gustave F. Neuman to George H. Seiman on the 19th of March, 1866, and to have been acknowledged before a justice of the peace of the State of New York on the 29th of March, 1866. This deed was registered in Morgan county, this State, where the land lay, and had been registered for a period of more than thirty-four years when it was offered in evidence. The chancellor overruled this objection, and the defendant excepted.

The court of chancery appeals held both deeds admissible. The correctness of this decision is the matter now for consideration.

It has been held, in substance, that section 3761 (Acts 1839-40, p. 50, c. 26, sec. 9) is a statute of repose; that it was passed for the quieting of titles; that its terms embrace married women and infants, as well as persons *sui juris,* no exception being made in their favor; but that if a deed has been registered for the period of twenty years in the county where the land lies, the terms of the probate are immaterial, and that the entire absence of probate is not material, the single fact of the twenty years' registration protecting the deed with an absolute and indisputable presumption of verity. *Matthewson* v. *Spencer,* 3 Sneed, 513; *Mathewson* v. *Spencer,* 4 Sneed, 384; *Green* v. *Goodall,* 1 Cold., 405; *Anderson* v. *Bewley,* 11 Heisk., 31; *Stephenson* v. *Walker,* 8 Baxt., 289; *Bledsoe* v. *Wiley's Lessee,* 7 Humph., 507. And see observations of Cooper, J., in *Hanks* v. *Folsom,* 11 Lea,

at page 561; and *Stroud* v. *McDaniel,* 12 Lea, 617, 619, 620.

In several of the cases referred to (*Matthewson* v. *Spencer,* 3 and 4 Sneed, *Anderson* v. *Bewley,* and *Stroud* v. *McDaniel*) it was held against a married woman that the lapse of time cut off inquiry, even though it appeared there was in the certificate an absence of the special terms which in all other cases are required to make a privy examination effectual. It was so held, notwithstanding the general rule that a married woman can convey her general estate in land only by a deed with privy examination, and that such privy examination is a part of the execution of the deed itself, and essential to its validity. *Giffin* v. *Giffin* (Tenn.), 37 S. W., 710, and cases cited; *Moseby* v. *Partee,* 5 Heisk., 26, 30-36; *Murdock* v. *Railroad Co.,* 7 Baxt., 557, 563; *Perry* v. *Calhoun,* 8 Humph., 556; *Mount* v. *Kesterson,* 6 Cold., 452; *Prater* v. *Hoover,* 1 Cold., 546; *McCallum* v. *Petigrew,* 10 Heisk., 397; *Corley* v. *Corley,* 8 Baxt., 8.

In *Stephenson* v. *Walker,* the section referred to was held to cut off inquiry, even where a married woman brought her bill, complaining that the certificate of privy examination attached to the deed, "purporting to have been made by her and her husband while she was a *feme covert,* was fraudulently obtained, and that in fact she did not acknowledge it as certified by the deputy clerk."

In *Murdock* v. *Leath,* 10 Heisk., 166, it was held that sections 3761 and 3762 applied only to those deeds which

purported to be made by the parties themselves in person, and not to deeds purporting to have been made through the intervention of an attorney in fact, and that sections 3764 and 3765 (Acts 1859-60, pp. 88, 89, c. 91, section 1, 2) were passed to cover deeds of the latter description.

It was further held in this case that, when such deeds had been registered for twenty years, they were as good as if they had been made by the parties themselves, with the exception that it was open to proof whether the power of attorney had expired or been withdrawn by its maker before the execution of the deed, but that such investigation would always begin with the presumption against the inquirer, and in favor of the deed, that the power had not been withdrawn.

The special facts under examination in that case were that two executors who were directed by the will to sell lands for the payment of certain debts constituted two persons their attorneys in fact to sell and convey the land. The land was sold and the conveyance was made, but some question arose as to whether the sale had been made before the power was withdrawn. It not clearly appearing how this was, and the deed having been registered twenty years, the court held that the presumption would be in favor of its validity, and so sustained the deed. It was also sustained on other grounds, but those grounds are foreign to the present inquiry. It should also be stated that the court held that in this class of

cases the question was always open for inquiry as to whether the principal had title to the estate which he constituted an agent or attorney in fact to sell. And in that case the court considered whether the executors were, under a true construction of the will, authorized to sell by attorney in fact, or whether they should sell in person. This question was resolved in favor of the power.

The question has not heretofore arisen, in any reported case, in respect of deeds purporting to have been made by married women through the agency of attorneys in fact. On the one hand, it is said that married women have no power to make deeds to lands in this State, in the manner referred to, and that no lapse of time can confer power where it was originally wanting. On the other hand, it is insisted that it was the purpose of the legislature to apply the healing hand of time to deeds of all kinds, without discrimination.

We apprehend there could be found no more difficulty in healing the infirmity of a deed ineffectual as against a married woman because executed through an attorney in fact than in the case of one equally ineffectual because of the want of proper privy examination, since the latter is equally as fatal a defect as the former. Yet, as already pointed out, it has been held that even defects of this character are cured, under section 3761, by twenty years' registration. Nor can there be any difficulty growing out of the want of power in the legislature to make such a regula-

Kobbe v. Land Co.

tion; since the power of married women to convey their estates as derived from legislative enactments, which prescribe the mode in which such conveyances shall be made. The same power may change the mode or provide that, after a given lapse of time and the publicity of long registration, the ordinary formalities required for the protection of married women shall be disregarded, and their deeds placed upon the same footing as the deeds of persons *sui juris*. We cannot suppose, of course, that the legislature would make such a provision save in obedience to a commanding public policy; but the power to do so is beyond doubt.

The legislature has enacted such a law (sections 3761, 3762, supra) in respect of deeds purporting to have been executed directly, in person, in language broad enough to embrace deeds of married women. Why should not such a law be enacted in respect of deeds purporting to have been executed by such persons through the intervention of attorneys in fact? No sound reason can be advanced to support a distinction between the two. The same public policy suggests and supports similar legislation for each.

It is, then, only a question of intention on the part of the legislature, a question of construction for the ascertainment of the meaning of sections 3764 and 3765 above quoted.

So strong is the public policy that demands the quieting of titles for the repose of society, we must start, in the attempt to construe the act, with the assumption that

the legislature purposed to quiet all deeds made by attorneys in fact other than those specially excepted from its operation. Having this principle in view, we turn to the act and find that the only exception made to the operation of its broad provisions is that it may be shown that the conveyance was not "properly made" by the attorney or attorneys in fact; and this was held in *Murdock* v. *Leath*, supra, to mean that the only questions open to dispute thereunder were whether the principal had title to the estate, and whether the power of attorney had been revoked before the making of the deed. Said the court: "The presumption that the deed was properly made by the attorneys is not conclusive, but disputable. The fact that the attorney had a power of attorney to make it cannot be disputed—that is settled by the other provision already considered [section 3765]; but whether the deed was made properly, so as to pass a valid title, is subject to be disputed. If this is not done successfully, then the deed is as effectual in passing the title as if it had been made by the principal. But, if it should be shown that the principal had no title to the estate, or that the attorney had executed the deed after his power of attorney had been revoked or expired, the presumption would thereby be overturned, and it would be shown that the deed was not properly made by the attorney. The presumption, however, stands that the deed was properly made, until rebutted, and if not so rebutted, it stands as a subsisting presumption, as well against those under disability as those not. The legal effect of

the two provisions, viewed together, is to throw the burden of proving that the deed was not properly made by the attorney in fact on those who dispute the fact, wherever it appears that the power of attorney and the deed have been on the register's book for twenty years or more." 10 Heisk., 174, 175.

Passing the exception, then, and turning to the residue of section 3764, we find that it provides that, when a deed is made by an attorney in fact and has been of record in the register's office of the county for twenty years, it "shall be deemed valid to pass the legal title to real estate in the same manner as if the same had been executed by the principal or principals." No exception is made in the act in favor of married women, and the court can make none. We are of opinion, therefore, that, with the exception noted in the excerpt from *Murdock* v. *Leath,* it was the purpose of the legislature to make all deeds executed by power of attorney conclusive of the title after twenty years' registration in the county in which the land lay. This construction we regard as not only in harmony with the language used, and with the construction placed upon the previous act (sections 3761, 3762), but the only one which will fully carry out the beneficent purpose had in view by the general assembly when the legislation was enacted.

It results that the first deed above referred to was properly admitted in evidence by the court of chancery appeals under section 3764, 3765, and the second deed under section 3761. We are not to be understood, of course,

Kobbe v. Land Co.

as holding that the probate taken before the New York justice of the peace added anything to the instrument. The contrary has been held (*Woods* v. *Bonner*, 89 Tenn., 411, 18 S. W., 67); but, the deed having been registered twenty years in the county where the land lay, it would be admissible in evidence regardless of the defective probate.

There are other errors assigned, but the subjects to which they relate are fully and correctly discussed and disposed of in the opinion filed by the court of chancery appeals, and need not be further referred to here. They are overruled.

It results that there is no error in the decree of the court of chancery appeals, and it is affirmed.