## JOHN M. MACKAY AND EDWARD LUSHER ADS. OLIVER H. GORDON ET AL.

1. The purpose of the act entitled "An act relative to foreign judgments" was simply to permit the record of foreign judgments to be contradicted, with reference to recitals showing jurisdiction in the court rendering the same.
2. Where suit is brought against two defendants, on a foreign judgment, one of such defendants can plead a want of jurisdiction in the foreign court over his co-defendant.
3. The certainty requisite in such a plea defined.
4. The only limit to the judicial jurisdiction of a state is that which is prescribed by the maxims of natural justice.
5. Where a suit is against two defendants, it is irregular for one of them to plead "that he does not owe;" but such plea is good on demurrer.

On demurrer to pleas.

This was an action of debt, founded on a New York judgment in favor of the plaintiffs against the defendants. The declaration contained a count on the judgment, and also the common counts. To the latter the defendant, Mackay, pleaded "that *he* did not owe the said sum of money," &c. The substantial part of his special plea to the count on the

judgment was in these words, *viz.,* "And this defendant further says, that the said Edward Lusher was not summoned to answer in the said Superior Court, and did not appear and was not within the jurisdiction of the Superior Court of the city of New York, by reason whereof the said judgment, &c., has no force or effect outside of the said Superior Court, and in the state of New Jersey." These pleas were demurred to.

For plaintiffs, *Fleming.*

For defendants, *I. W. Scudder.*

BEASLEY, CHIEF JUSTICE.    It appears from the record in this case that the defendants were partners; that they were sued as such in the Superior Court of the city of New York, for a partnership debt, and that process having been served upon one of them, final judgment thereupon passed against the two.    The object of the present suit is to enforce, in this state, the judgment thus obtained.    The defendant who was summoned in the original action has now appeared and interposed a plea to the effect that the process in New York was not served upon his partner, and that, as a consequence, the judgment based on such a procedure is invalid in this state.

This plea appears to be an attempt to frame a defence by force of the statute entitled " An act relative to foreign judgments," approved March 6th, 1852.    *Nix. Dig.* 750.*    The provision is as follows : " In any suit brought upon a foreign judgment, or a judgment of any court out of this state, it shall be lawful for the defendant or person sought to be affected by such judgment, to show that the defendant therein was not summoned, did not appear, or was not within the jurisdiction of such foreign court, notwithstanding it may be recited in the record of such proceedings that he was summoned or did appear or was within the jurisdiction of such court; and such recital shall not conclude said

* *Rev.,* p. 380, § 17.

defendant or stop him from proving that the same is not true."

The purpose of this act is clear. Its design was to remove the doubt which existed from the contrariety of judicial decisions upon the subject, whether a party against whom a judgment had been obtained in another state could show, as against the recitals of such record, that he had not been legally made a party to such proceedings. The rule was clear that in cases in which the record was silent with respect to the defendant having been summoned, or with respect to his having appeared, it was competent to aver or prove an absence of jurisdiction, arising from want of notice of the suit to such defendant. But when the record recited the service of a summons or an entry of appearance by the party, the authorities were in confused conflict as to the right to controvert such statements of the record. There are a number of decisions entitled to the highest respect, which are in opposition upon this question; hence the supposed propriety of this statute. Its office is simply that already stated, *viz.*, to permit the record of a foreign judgment to be contradicted, with reference to any recital showing jurisdiction in the court rendering the judgment. And this is the whole scope of the act, for it does not declare what effect such want of jurisdiction shall have, nor does it prescribe any form in which such want of jurisdiction shall be pleaded. These matters the statute leaves to be regulated entirely by the usual rules of law and pleading. But in this connection it should be observed that this act, inasmuch as it is an attempt to construe a clause in the constitution of the United States, cannot, even when applicable, be possessed of decisive effect. But the present case does not call for any construction or application of its provisions. The allegations set forth in this plea do not contradict anything contained in this record, and, as already observed, it has been long settled that in such event, a want of jurisdiction in the court of another state can be set up as a defence to a suit on the judgment rendered by such tribunal. *Bissell* v. *Briggs*, 9

*Mass.* 462; *Moulin* v. *Insurance Co.*, 4 *Zab.* 223; *Price* v. *Ward et al.*, 1 *Dutcher* 225.

In reality, therefore, the statute above referred to cannot influence the decision in this case.

A want of jurisdiction in the court of New York, with respect to one of the defendants, is the defence contained in this plea, and the counsel of the plaintiff, in obviation of this objection, in the first place, insists that it is not competent for the defendant who was duly summoned before the foreign tribunal to raise up this question. The argument is, that the exception is personal to the party over whom there was no jurisdiction; but this ground is not tenable. This is a suit on a judgment against two parties, and the judgment in the present proceeding must be against neither or against both. If the record sued on does not disclose a joint cause of action, the result is, that by the admission of the pleadings, a misjoinder appears, which is an incurable and fatal defect. There are several decisions which appear to me rightly to have held that where the action is against several defendants on a joint judgment in another state, and such judgment is shown to be invalid with respect to some of such defendants, from want of jurisdiction, it must be considered as a nullity in such joint action, as to all, and that it will not be enforced in such proceeding, even against those who have appeared and made defence in the original suit. *Hall* v. *Williams*, 6 *Pick.* 250; *Rangeley* v. *Webster*, 11 *New Hamp.* 299. In *Reed* v. *Pratt*, 2 *Hill* 64, the Supreme Court of New York acted on this same rule, and intimated that in such cases, the proper course was to proceed to judgment against the party who appeared or was summoned in the primary action, treating it as void as to the unnotified defendants. I think the want of jurisdiction attempted to be shown in this case is a proper ground of defence, the only question being as to the sufficiency of the mode of its presentation.

The plea in this respect seems to me defective. Its only substantial averments are, that " the said Edward Lusher

[the co-defendant] was not summoned to appear and answer in the said Superior Court, and did not appear." The additional allegation that the same party "was not within the jurisdiction of the Superior Court," is too indefinite to have any effect. When was it that such party was not within such jurisdiction? Was it when the debt was contracted, or when the suit was brought, or when the judgment was rendered, or a year before or after either event? Besides, an averment that a party was not within the jurisdiction of a court is a mere expression of opinion as to the effect in law of such party's situation or privilege. If the statement had been, as in the case of *Price* v. *Ward et al.*, 1 *Dutcher* 225, that this defendant was not served with process; that he did not appear; that he was not a resident or present within the jurisdiction of the court at any time pending the suit or when the judgment was rendered—this court could see from such facts an apparent absence of jurisdiction in the court rendering the judgment; but the defect of the plea is, that it states no facts, but, in lieu of them, instructs the court with an opinion. An averment similar to this was discarded by Judge Marcy, in *Starbuck* v. *Murray*, 5 *Wend.* 159.

All that we know, therefore, in this case is, that one of the original defendants was not summoned and did not appear in the foreign suit. Does it follow, from such a posture of affairs, that the court of New York had no jurisdiction in the premises? It is very clear that the jurisdictional incompetence should be made perfectly manifest before we reject a judgment entered in due form by the court of another state. "Every such judgment," says Judge Story, "ought to be presumed to be correct and founded in justice." *Story on Const.*, vol. *III.*, § 1304. And the act of Congress of May 26th, 1790, chapter thirty-nine, after providing a mode of authenticating the acts and judicial proceedings of the states, has declared that "the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them, in every court within the United States, as they have, by law or usage, in the courts of the state from

whence the said records are or shall be taken." This language, it will be perceived, is very general and comprehensive. It is true that it has been conclusively settled, both by the state courts and by the federal tribunal, that neither the constitutional or legislative provision was designed to prevent an inquiry into the jurisdiction of the court pronouncing the original judgment, the ground of this construction being that it was not the design to confer on the states any new power or jurisdiction, but simply to regulate and enforce their acknowledged and inherent jurisdiction over persons and things within their territory. Whatever judicial dominion, then, any state, as an independent government, has, every other state, when such dominion has assumed the form of a judgment, is bound, by its fealty to the constitution, to respect and enforce. The only question in such cases is as to what is the jurisdiction which is rightfully possessed and exercised. I can perceive no limit to such a jurisdiction, except such as is prescribed by the maxims of natural justice. Every independent government is at liberty to prescribe its own methods of judicial process, and to declare by what forms parties shall be brought before its tribunals. But in the exercise of this power, no government, if it desires extra territorial recognition of its acts, can violate those rights which are universally esteemed fundamental and essential to society. Thus, a judgment by the court of a state against a citizen of such state, in his absence, and without any notice, express or implied, would, it is presumed, be regarded in every external jurisdiction as absolutely void and unenforceable. Such would certainly be the case if such judgment was so rendered against the citizen of a foreign state. The courts of many of the states have refused to give effect to judgments of this latter description. To this extent the subject is devoid of difficulty. But it does not sufficiently appear that the case now before us is to be regulated by this principle. The defendant does not show that if he shall be concluded by the judgment in question, any maxim of general law or natural equity will be infringed.

Mackay and Lusher ads. Gordon et al.

He does not allege that his co-defendant, who was not summoned, was not, at the time of the institution of the original suit, and that he is not now, a citizen of New York, and in every respect subject to the laws of such state. He may have known of the service of the summons upon his partner, or even have been present at the time of such service. It is impossible for this court to assume that circumstances do not exist which will make this judgment against both the original defendants not only legal, but entirely equitable. Pleas of this character must present strong *prima facie* defences. This has not been effected in the present instance. This view is not without the support of authority. I refer to the opinion of Chief Justice Green, in the case of *Gilman* v. *Lewis*, which is appended to the report of the case of *Moulin* v. *Insurance Co.*, 4 *Zab.* 246. Indeed, the plea in that case was fuller in its statement of facts evincive of an absence of jurisdiction than the one now before this court, and yet it was declared to be insufficient for the purpose of defence to the judgment.

In the particular above indicated, the plea is bad; but, nevertheless, the demurrer cannot be sustained. It will not hold with respect to the plea to the common counts. These counts allege that both defendants were indebted to the plaintiffs; the plea avers, as a traverse, that one of the defendants—that is, the one who pleads—" does not owe," &c. This is irregular, and the plea would, it may be, have been struck out on motion. Nevertheless, it is an argumentative denial of the truth of the counts to which it relates. If this defendant does not owe this money, it follows, as a necessary conclusion, that the two defendants do not. The vice of argumentativeness is not fatal on general demurrer.

Let judgment be entered for the plaintiffs.

BEDLE, SCUDDER, and WOODHULL, Justices, concurred.

CITED in *Miller* v. *Dungan*, 6 *Vr.* 390.