GLENN, Substituted Trustee, *v.* SOULE.[1]

SAME *v.* LABATT.[1]

SAME *v.* GLENNY.[1]

SAME *v.* COYLE.[1]

*(Circuit Court, E. D. Louisiana.* November 29, 1884.)

1. TRUSTEE—RIGHT TO SUE IN A FOREIGN JURISDICTION.

A substituted trustee, under a deed of trust, appointed by a court, has title under the deed, and can maintain an action in any jurisdiction where it might be deemed necessary to protect his right, notwithstanding that the court so appointing him also gave him the powers of a receiver, required a bond, and ordered him to account; that cannot be considered as impairing his title under the deed of trust or assignment. *Holmes* v. *Sherwood,* 3 McCrary, 405; S. C. 16 FED. REP. 725.

2. ASSESSMENT FOR UNPAID CAPITAL STOCK.

A chancery court has the authority to make a call necessary under the terms of subscription to charge the subscribers to the capital stock of a corporation with liability for the amounts of unpaid subscriptions. *Scovill* v. *Thayer,* 105 U. S. 155.

3. SAME—ACTION AT LAW.

In such a case an action at law will lie, and in an action at law for such unpaid subscription such call or assessment is necessary.

4. SAME—PRESCRIPTION.

Prescription did not begin to run until the call was made, for until then the unpaid subscription was not exigible.

On Exceptions.

The plaintiff sues, as substituted trustee under the appointment of the chancery court of the city of Richmond, Virginia, to execute the trusts of a certain deed of trust made by the National Express & Transportation Company, a body politic and corporate under the laws of Virginia, which court also gave him the powers of receiver of said company, required a bond, and ordered him to account, to recover assessments made against the defendants, stockholders of said com-

----

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

pany., by the said chancery court. The defendants excepted, (demurred.)

*A. Goldthwaite*, for plaintiff.

*J. O. Nixon, Jr., F. L. Richardson, H. E. Upton*, and *D. C. Labatt*, for defendants.

PARDEE, J. The view that I take of these cases is that the substituted trustee has title under the deed of trust, and is therefore not to be regarded as a mere officer of the chancery court in Virginia. That court might have stopped short after appointing Glenn substituted trustee, and then there could have been no doubt about his right to maintain an action in any jurisdiction where it might be deemed necessary to protect his right. That the chancery court gave him the powers of a receiver, required a bond, and ordered him to account, is a matter between him and the chancery court, and cannot be considered as impairing his title under the deed of trust or assignment. See *Holmes* v. *Sherwood*, 3 McCrary, 405; S. C. 16 FED. REP. 725, and the authorities cited therein.

I think there can be no doubt of the authority of the chancery court (on the failure of the board of directors) to make the call necessary to enforce the deed of trust, and necessary under the terms of subscription to charge the subscribers to stock with liability for the amounts of unpaid subscriptions. See *Scovill* v. *Thayer*, 105 U. S. 155. And in an action at law for unpaid subscription, such call or assessment seems to be necessary. See *Chandler* v. *Siddle*, 3 Dill. 477. It cannot be contended that all the stockholders were necessary parties to the proceedings before the court making the call. See Maryland case, and *Sanger* v. *Upton*, 91 U. S. 56. Prescription did not begin to run until the call was made, for until then the unpaid subscription was not exigible. *Scovill* v. *Thayer*, *supra*. In a case like this I think it well settled that an action at law will lie. The exceptions will be overruled.