MELTON v. PACE.

(*Knoxville.* November 11, 1899.)

1. RES ADJUDICATA. *Essentials of.*

In order that a judgment may be effective as *res adjudicata*, it is essential that the party sought to be concluded thereby should have sued or been sued, in both cases, in the same capacity or character, and to enforce the same right. (*Post, p. 488.*)

2. SAME. *Case in judgment.*

Hence, children inheriting from both father and mother are not estopped to set up title to the whole of a tract of land inherited from the mother by reason of the fact that a part of it had been, by inadvertence, embraced in the description of a tract, which they, as heirs of their father, had brought to sale by decree for foreclosure of a mortgage, especially where the purchaser had the fullest notice of the state of the titles. (*Post, pp. 485–489.*)

---

FROM MORGAN.

---

Appeal from the Chancery Court of Morgan County. H. B. LINDSAY, Ch.

S. H. STAPLES for Melton.

JOHN M. DAVIS for Pace.

BEARD, J. This bill was filed to enjoin the defendants from cutting and removing timber from a tract of land of which complainant claimed to

be the owner as a purchaser at a sale made under a decree of the Chancery Court of Morgan County. The defendants resist, and, on the contrary, insist that complainant has no interest in this land. In order to understand the character of this claim, as well as the point on which we dispose of it, it is necessary briefly to give the transmutation of the title to the property in question since 1885, as well as the nature of certain litigation which antedates the present controversy.

In 1886 one Howard sold and conveyed five tracts of mountain land to Henry Marshall, the purchase money of which was only partly paid. Of these tracts two were known, respectively, as Entry No. 659 and Entry No. 2429. In 1888, the vendee, Henry Marshall, conveyed Entry No. 2429 to his wife, Elizabeth Marshall. In 1890, one Kreis filed his bill to subject the five tracts of land covered by the Howard deed to the payment of a debt which Howard owed him. It is unnecessary to state further the ground of his claim or the history of that suit. It is sufficient to say that it resulted in a decree subjecting the property to sale. Before a sale under this decree took place, however, an agreement was entered into between Kreis, Howard, Henry Marshall and the present complainant, Melton, under the terms of which Melton was to buy the property at the sale, take title thereto, and hold it as security for the Kreis debt, and also certain debts due from

Henry Marshall to Howard and Melton. This agreement was carried out by Melton purchasing at the chancery sale, and afterwards having a decree vesting him with the title. Subsequently, he filed an ejectment bill against Howard and others, seeking to get possession of all the tracts thus decreed to him. To this bill the heirs of Elizabeth Marshall (she being then deceased) were made parties defendant. They defended upon the ground that land entry No. 2429 had been conveyed to their mother, Elizabeth Marshall, before the filing of the Kreis bill, and that she was not made a party to that bill. These facts were admitted in Melton's bill, but he sought to avoid their force by showing that Mrs. Marshall's deed was void. Upon the hearing, however, the Chancellor decreed there was no fraud in the conveyance—that the decree in the Kreis case did not affect Entry No. 2429—that Melton acquired no title to it by his purchase in that case, but that it was the property of the heirs of Elizabeth Marshall.

Subsequently, Henry Marshall being dead, his heirs (who were also heirs of Elizabeth Marshall) filed their bill against Melton, setting up the agreement in the Kreis case, already mentioned, under which he purchased, alleging that he held the land so purchased as mortgagee, and asking for a foreclosure sale of it, and after paying the mortgage debt, that the balance be paid to them.

In this litigation Entry No. 2429 was not involved. It embraced, however, the other four tracts covered by the Howard deed of 1886, one of them being Entry No. 659; this was described in the bill by metes and bounds. In that cause a decree for sale was finally entered, and upon exposure to sale Melton became the purchaser, and the title was vested in him by proper decree.

It proved to be a fact that Entry No. 659 overlapped Entry No. 2429, covering about one hundred and forty-six acres of the latter. The contention of Melton in the present suit, and on this he rests his claim, is that, while in the prior case it had been conclusively determined against him, that the heirs of Elizabeth Marshall owned the whole of Entry No. 2429 to the full limit of its boundaries, yet, as in the last bill the Henry Marshall heirs described Entry No. 659 by metes and bounds and asked for a sale of it, and as further this description included one hundred and forty-six acres of Entry No. 2429, his purchase under the decree in that cause restored to him that much of Entry No. 2429 lost by him in the former suit.

This contention cannot be maintained. The litigation under which he sets up this claim was instituted, as has been stated, by the heirs of Henry Marshall. He, in his lifetime, had parted with the title to the whole of Entry No. 2429 to his wife, Elizabeth, and his heirs had no in-

terest in it when their bill was filed and Melton's purchase was made. Their litigation could not, therefore, prejudice the interests of the heirs of Elizabeth Marshall, or, as against them, confer title to any of their property on Melton. This result is not affected by the fact that the heirs of Henry were also the heirs of Elizabeth. It is well settled that "it is not only necessary that the person sought to be bound by the former judgment should have been a party to both actions, but he must have appeared in both in the same capacity or character. . . . This rule is one of the fundamentals of the jurisprudence of the subject." 2 Black on Judgments, Sec. 536. And Mr. Freeman, in his work on Judgments, Vol. 1, Sec. 156, citing many cases as authority for the proposition, says: "It is a rule of both the civil and the common law that a party acting in one right can neither be benefited nor injured by a judgment for or against him when acting in some other right." In Phillips on Evidence, Vol. 2, p. 11, it is said: "Though the individual be the same in the two suits, yet, if he stood in a different relation or character on the two occasions he will not be affected by a judgment or verdict in the first suit." And, again, one suing as the heir of his mother is not bound by a judgment against him in a suit in which he appeared as the heir of his father. *Caruth* v. *Grigsby,* 57 Tex., 259.

Melton *v.* Pace.

In the present suit the title that defendants maintain is that of the heirs of Elizabeth Marshall, and this cannot be prejudiced by the prior proceeding instituted by the heirs of Henry Marshall, on which complainant rests his present claim.

This result is more satisfactory, because it is not only in accordance with the merits of the case, but it is evident that it was by inadvertence that any part of entry 2429 was brought into the former suit, the fact of its invasion by entry 659 being possibly either lost sight of or unknown to the complainants in that cause when they described the latter entry by metes and bounds.

The decree of the Court of Chancery Appeals is affirmed.