Chandler v. Lumber Co.

CHANDLER *et al. v.* WHITE OAK CREEK LUMBER COM-
PANY *et al.*

(*Nashville.*   December Term, 1914.)

1. **JUDGMENT. Conclusiveness. Persons concluded. Represen-
tative capacity.**

    To be conclusive in a subsequent action, a former judgment
    must have been rendered in an action in which all the parties
    to the subsequent action were parties, and in the same ca-
    pacity, since to allow a trustee or other representative to
    be estopped by a judgment rendered against him individually
    would be to allow the interests he represented to be concluded
    without having been represented in the former action. (*Post,
    pp.* 49, 50.)

    Code cited and construed:   Secs. 4994, 5000 (S.).

    Case cited and approved:   Melton v. Pace, 103 Tenn., 484.

2. **JUDGMENT. Conclusiveness. Persons concluded. Trustee.**

    The judgment rendered in a former suit against one individually
    and not as trustee, and also against all beneficiaries of the
    trust of which he was trustee, is conclusive against the trustee
    in his representative capacity. (*Post, pp.* 50, 53.)

    Cases cited and approved:   Rathbone v. Hooney, 58 N. Y., 463;
    Jennings v. Jones, 2 Redf. Sur., 95; Manigault v. Holmes, 1
    Bail. Eq. (S. C.), 283; Colton v. Onderdonk, 69 Cal., 155;
    Corcoran v. Chesapeake Co., 94 U. S., 741; Follansbee v. Walker,
    74 Pa., 306.

FROM FENTRESS.

Appeal from the Chancery Court of Fentress County.
—A. H. ROBERTS, Chancellor.

E. G. FOSTER and SMITH & SMITH, for appellants.

CONATSER & CASE, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

This is an ejectment suit brought to recover a tract of land in Fentress county, Tenn. From a decree in favor of the defendants, the complainants have appealed to this court and assigned errors.

One defense interposed is that the complainants are estopped from maintaining this suit by a former judgment rendered in a suit involving the same tract of land brought by defendants' predecessor in title against complainants' predecessors in title, in which a decree was rendered in favor of the former. Shannon's Code, secs. 4994, 5000.

The chancellor did not think this defense was well made, and decided the case upon other questions. We think the chancellor was in error. This defense is good and determines the controversy.

In January, 1902, J. B. Stockton, defendant's predecessor in title, brought a suit to recover this land in the chancery court of Fentress county, against J. C. Parker, Cyrene Carson, John Carson, E. B. Smith, Charlie Blevins (W. C. Blevins), Jerome Templeton, and G. W. Chandler, and obtained a decree. At this time the title to the land was in G. W. Chandler, trustee. Chandler held title as trustee under a deed containing the following clause:

Chandler v. Lumber Co.

"This conveyance to said Chandler, trustee, is made for the purpose of· enabling him to make a sale of said lands, and sue for and protect the same and charge expenses and divide proceeds in the following proportion representing the equitable interests: W. C. Blevins, two-ninths; G. W. Chandler, two-ninths; John Carson, Jr., one-third, or three-ninths; Ezrah B. Smith, two-ninths. Each of said interests, less the interests of J. C. Parker and Jerome Templeton, which is one-half interest of the whole, except the interest of W. C. Blevins, which is one-third of that, payable to all said parties according to their several' interests. Said Chandler is excused from oath or bond as trustee. With the hereditaments and appurtenances appertaining thereto, hereby releasing all homestead and dower therein."

It is thus seen that in the former case of *J. B. Stockton* v. *G. W. Chandler et al.* Chandler himself was a party, and all those whom he represented as trustee were parties; that is to say, every interest in the land which Chandler, as trustee, represented was before the court.

It is insisted, however, that, inasmuch as Chandler was sued only as an individual in the former case, the judgment therein does not bind him as trustee in this suit.

It is a familiar rule that a person sought to be bound by a former judgment should have been·a party to that action, and likewise that he must have appeared in the

131Tenn4

former action in the same capacity or character in which he appears in the latter suit. This is said to be a fundamental rule, and to be found in the Roman law and all other systems of jurisprudence. *Melton* v. *Pace,* 103 Tenn., 484, 53 Pac., 939. See Black on Judgments, sec. 536; Freeman on Judgments, sec. 156.

For instance, a judgment against a party as guardian, or executor, or trustee, could not ordinarily be invoked as an estoppel in a suit to which he was a party as an individual, or *vice versa.* Where suit is brought against a sheriff for taking certain goods, and he justifies under an execution in favor of A., this is no bar to a second suit by the same plaintiff for the same goods, where the sheriff justifies under an execution in favor of B. Though a party to both suits, he is not a party in respect to the same interests in the two. For other illustrations, see Black on Judgments, sec. 536; Freeman on Judgments, sec. 153; Bigelow on Estoppel, sec. 65.

The reason that a judgment against a party suing as an individual is not an estoppel in a subsequent action in which he appears in another capacity or character is that in the latter case he is in contemplation of law a distinct person, and a stranger to the prior proceedings and judgment. *Rathbone* v. *Hooney,* 58 N. Y., 463; *Jennings* v. *Jones,* 2 Redf. Sur., 95. In other words, the interest which the party represents as guardian, trustee, executor, or otherwise, is not before the court when he sues merely as an individual. A decree against him as an individual, therefore, affects merely

his personal right. It does not reach the interests of others represented by him in a trust capacity. If, however, all the interests of the party in his several capacities were before the court in any litigation, the reason of the rule would cease, and the party would be bound in all characters, and likewise all the interests would be bound.

To the former proceedings, in which the judgment rendered is here relied on as an estoppel, G. W. Chandler was a party, and likewise every interest which he represented as trustee was before the court. These interests were not, indeed, brought before the court by naming Chandler as trustee, but were directly brought before the court by naming as parties those beneficially interested.

To have named Chandler as trustee in the former suit would undoubtedly have had the effect of binding those interests which, as trustee, he represented. For a stronger reason, such interests were bound when Chandler himself, and the parties actually owning these interests, were brought before the court.

In *Manigault* v. *Holmes,* 1 Bail. Eq. (S. C.), 283, suit was brought by an executrix in her own right, but to which suit she was a necessary party as executrix, and the rights of her testator were adjudicated in the case. It was held that this judgment was conclusive between an administrator *de bonis non* and the other parties to it, and would not be re-examined in a subsequent suit between such parties.

In *Colton* v. *Onderdonk,* 69 Cal., 155, 10 Pac., 395, 58 Am. St. Rep., 556, the executrix was likewise the devisee of land under the testator's will, and was in possession thereof, pending a settlement of the testator's estate. She brought suit in her own name for trespass to the land. It was held that this suit was a bar to her subsequent recovery for the same cause of action in her capacity as executrix.

So in *Corcoran* v. *Chesapeake Co.,* 94 U. S., 741, 24 L. Ed., 190, it was held that if one sues as trustee, and afterwards in his individual capacity, in respect of the same subject-matter, he is bound by the decree in the former suit. If at that time he owned the subject of the trust, he was representing himself; and if he bought it afterwards, he was privy to the person who was representing it.

In *Follansbee* v. *Walker,* 74 Pa., 306, the plaintiff first brought suit in his own name and behalf, and later suit was brought by another for his use. It was held the former suit was a bar to the second. The court said:

"It would be very unreasonable and contrary to the settled rules upon the subject to permit the plaintiff, having once been defeated on the merits, to try the same question over again in a different form."

We think our conclusion herein is well sustained upon reason and by the authorities to which we have referred. Inasmuch as G. W. Chandler and all those interested with him in this land—all whom he represented as trustee—tried the title to this property in a former

suit, those claiming under him as trustee cannot be allowed again to litigate these questions with the former complainant or his successors in estate.

This disposes of the controversy, and a decree will be entered in accordance with the views herein expressed.