## BASKIN v. MONTEDONICO.
### No. 8361.

Circuit Court of Appeals, Sixth Circuit.
Dec. 5, 1940.

Arthur W. Jordan, of Clearwater, Fla. (Chandler, Shepherd, Owen & Heiskell, of Memphis, Tenn., and Arthur W. Jordan, of Clearwater, Fla., on the brief), for appellant.

Earl King, of Memphis, Tenn. (King, Taylor & King, of Memphis, Tenn., on the brief), for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The controlling question in the appeal is whether the court below, sitting in Tennessee, erred in declining to give full faith and credit to a judgment for the appellant by a Florida court on the ground of its lack of jurisdiction, thus failing to follow the mandate of Article IV, § 1, of the Constitution of the United States. There is no controversy on the facts as found in a trial to the court without a jury, and the question is one of law.

By the will of James A. Winkelman, a resident of Florida, the appellee was appointed a coexecutor and trustee of all of Winkelman's property, real and personal, with broad powers thereover, and with the obligation of paying its net income to the testator's widow, Theodosia D. Winkelman, and of providing for her care out of the corpus of the estate, if its income proved insufficient. The most valuable asset of the Winkelman estate was a parcel of improved real estate in Memphis, Tennessee, occupied under lease by the Union Chevrolet Company, and subject to mortgage. The Winkelman will was probated in Pinellas County, Florida, where the appellee and Mrs. Winkelman qualified as coexecutors. Subsequently, the appellee qualified as an executor and trustee under ancillary letters in the probate court of Shelby County, Tennessee, and proceeded to administer the Memphis property under the orders of that court, paying taxes and other debts arising out of the real estate, from rental collections. In the course of such administra-

tion it became necessary for the appellee, as executor and trustee, to file a bill in the Chancery Court of Shelby County, Tennessee, to collect rents from the Union Chevrolet Company; to seek authority to execute a new lease to it; and secure authority to refinance the mortgage. His coexecutor was made a party to the proceeding by publication; appeared therein; and upon the granting the relief prayed, surrendered certain rent notes pertaining to the real estate.

Later Mrs. Winkelman filed her bill against the appellee in the Circuit Court of Pinellas County, Florida, alleging violations of trust; failure to provide for her support, as required by the will; and praying for a report by the appellee, as executor and trustee; his removal as trustee; and the appointment of a receiver for the trust estate. The record in the Florida cause shows service on the appellee as executor and trustee of the estate of James A. Winkelman, and the entry of his appearance in such capacities. In response to an order requiring him to account for his acts as trustee, the appellee filed a report in which he stated that he had in his hands no funds, and had received none as trustee of any property in Florida; that while he had title to certain real estate in Tennessee, and funds in his possession derived therefrom, such funds were entirely without the jurisdiction of the Florida court and within the jurisdiction of the Chancery and Probate Courts of Shelby County, Tennessee, which had been administering and were continuing to administer the trust.

On August 17, 1936, an order was entered in the Florida case directing the appellee to show cause why he should not be adjudged in contempt, and why a personal judgment for $17,500 should not be entered against him for failing and refusing to file an accounting. A copy of the order was directed to be served upon the attorneys of record for the appellee. No personal service was made upon him. His counsel moved to quash the rule nisi, but did not prevail, and on August 18, 1936, a personal judgment for $13,000 was entered against the appellee in favor of a substitute trustee who had meanwhile been appointed. The substitute trustee, failing to qualify, the appellant was appointed his successor, and on May 14, 1938, filed the present suit in Tennessee upon the Florida judgment.

All of the defenses raised below, save that which challenged the jurisdiction of the Florida court to enter a personal judgment against the appellee, were overruled, and since the appellee defends the judgment of dismissal, we need give them no consideration, other than to say that no error appears in the findings or conclusions of the court in respect to them. We confine our consideration to the question of the jurisdiction of the Florida court, and base our decision upon its lack of it.

The provision in Article IV, § 1, of the Constitution of the United States, that "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State," and the Act of Congress passed May 26, 1790, 28 U.S.C.A. § 687, to carry it into effect, give to the judgments of each state the same conclusive effect as records in all the states as they had at home, Mills v. Duryee, 7 Cranch, 481, 484, 3 L.Ed. 411, subject, however, to the qualification that the rule does not prevent an inquiry into the jurisdiction of the court in which the original judgment was given to pronounce it or the right of the state itself to exercise authority over the person or the subject matter. It is only when the jurisdiction of the court in another state is not impeached, that the record of the judgment is entitled to full faith and credit, Story on the Constitution, § 1313, Chancellor Kent's Commentaries, Vol. 1, 281. Except as jurisdiction attaches, the rule laid down by Mr. Justice Story in his Conflict of Laws, § 539, has been supposed to be of universal acceptance. "No sovereignty can extend its process beyond its own territorial limits, to subject either persons or property to its judicial decisions. Every exertion of authority of this sort beyond this limit is a mere nullity, and incapable of binding such persons or property in any other tribunals," McEwan v. Zimmer, 38 Mich. 765, 31 Am. Rep. 332; Thompson v. Whitman, 85 U.S. 457, 18 Wall. 457, 21 L.Ed. 897; Brown v. Fletcher, 210 U.S. 82, 28 S.Ct. 702, 52 L. Ed. 966.

With these general principles governing the scope and effect of the full faith and credit clause in mind, we approach consideration of the jurisdiction of the Florida court to enter judgment against the appellee personally in a cause in which he had been served and had appeared but in a representative capacity. That such judgment is valid in Florida, we have no doubt, and the court below so concluded upon a consideration of Florida authorities. Ses-

sions v. Willard, 126 Fla. 848, 172 So. 242; State ex rel. v. Southerland, 106 Fla. 103, 142 So. 883; Epstein & Bro. v. First Nat. Bank, 92 Fla. 796, 110 So. 354, 356; but the Tennessee law is otherwise, Melton v. Pace, 103 Tenn. 484, 53 S.W. 939; Chandler v. Lumber Co., 131 Tenn. 47, 173 S.W. 449, and the federal decisions are to the effect that a judgment rendered for or against a party in one capacity, is not conclusive in a suit by or against him in another capacity, Troxell v. Delaware, Lackawanna & Western R. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; Union Guardian Trust Co. v. Detroit Trust Co. et al., 6 Cir., 72 F.2d 120; Williams v. Jackson, 107 U.S. 478, 484, 2 S.Ct. 814, 27 L.Ed. 529.

 The appellant, however, contends that it is the validity of the judgment, un- der Florida law, and the recitals of the Florida court upon the fact of jurisdiction, that must control in the application of the full faith and credit clause, especially in view of the fact that Florida has a statute (§ 76, Florida Chancery Act 1931, § 4920(1), Comp.Gen.Laws Supp. of Florida) which provides that notice to or service upon a solicitor of record shall have the same force and effect as personal service upon the party represented by such solicitor. When the jurisdiction of a foreign court, or that of a state is brought into question in a suit in the courts of another state or sovereignty, it seems clear that the law of the forum is controlling upon the question of the jurisdiction of the court rendering the judgment. In McEwan v. Zimmer, supra, Mr. Justice Cooley quotes Parke, J., in Russell v. Smyth, 9 M. & W. 819, and Williams v. Jones, 13 M. & W. 633, repeating his rhetorical question, "Can the island of Great Britain pass a law to bind the whole world?", a question answered, without hesitation, in the negative. Of similar implication is the reference in Thompson v. Whitman, supra, to the language of the Chief Justice in Gordon v. Mackay, 34 N.J.L. 286, 291, "Every independent government is at liberty to prescribe its own methods of judicial process, and to declare by what forms parties shall be brought before its tribunals. But, in the exercise of this power, no government, if it desires extra territorial recognition of its acts, can violate those rights which are universally esteemed fundamental and essential to society." "Upon principle, then," said Mr. Chief Justice Marshall, in Rose v. Himely, 4 Cranch 241, 269, 2 L.Ed. 608, "it would seem that, to a certain extent, the capacity of the court to act upon the thing condemned, arising from its being within, or without their jurisdiction, as well as the constitution of the court, may be considered by that tribunal which is to decide on the effect of the sentence."

Thompson v. Whitman, supra, is direct and explicit authority for the rule that, once it is conceded that the validity of a judgment may be attacked collaterally by evidence showing the court had no jurisdiction, then no allegation contained in the record itself, however, strongly made, can affect the right so to question it. The recitals in the judgment may be conclusive upon the courts of the state in which they are rendered, but they have no extra-territorial force.

The appellee received no personal notice of the contempt proceeding brought against him; he did not appear personally in response to the order nisi; his attorneys were not authorized to appear for him personally or to accept process in his behalf in any other capacity than the representative capacities in which he had originally appeared. These are findings of the court below which, under the circumstances, we must accept. It follows, therefore, that its judgment is,

Affirmed.