PAVERITE, INC., Melvin J. McClellan and wife, Betty McClellan, Plaintiffs-Appellants,

v.

ITT INDUSTRIAL CREDIT COMPANY, Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

March 31, 1981.

Certiorari Denied by Supreme Court June 29, 1981.

J. Edward Ingram and J. Douglas Overbey, with Fowler & Robertson, Knoxville, for plaintiffs-appellants.

R. Thomas Stinnett and Steven D. Lipsey, with Stone & Hinds, Knoxville, for defendant-appellee.

## OPINION

SANDERS, Judge.

The Plaintiffs have appealed from a summary judgment based on *res adjudicata*. The Plaintiffs-Appellants, Paverite, Inc., Melvin J. McClellan and wife, Betty McClellan, filed suit in the circuit court against the Defendant-Appellee, ITT Industrial Credit Company. The complaint alleges the Defendant filed a complaint in the chancery court in December, 1978, and wrongfully obtained a writ of possession for certain road-building equipment belonging to Plaintiff Paverite. The Plaintiffs, McClellans, were made parties defendant to the complaint to recover any deficiency from them on their individual guarantee of the indebtedness of Paverite to ITT. Pursuant to the writ of possession the Defendant removed a number of pieces of equipment from Paverite's premises. As a result of the Defendant's action Paverite, in order to protect itself, had to file a Chapter XI petition in bankruptcy. As a result of the wrongful suing out of the writ of possession the Plaintiff, Paverite, lost substantial sums of money. They allege the McClellans were the principal stockholders in Paverite and as a result of the Defendant's wrongfully repossessing Paverite's equipment they lost substantial sums of money and a judgment in excess of $170,000 was rendered against them as sureties on Paverite's note owed on the equipment.

After filing its answer the Defendant filed a motion for summary judgment on the grounds of *res adjudicata*. The circuit judge sustained the motion and the Plaintiffs have appealed, saying the court was in error.

We cannot agree, and affirm the action of the trial court.

The same issue raised in this proceeding was adjudicated between the McClellans and the Defendant in the chancery court and between Paverite and the Defendant in the bankruptcy court. We shall first consider the chancery proceeding. After Plaintiff Paverite filed its petition in bankruptcy the suit which the Defendant had filed against the Plaintiffs in December, 1978, and which is the basis of their complaint, was dismissed as to Paverite since jurisdiction as to it was in the bankruptcy court. The chancery court, however, retained jurisdiction as to McClellans. Before the case went to trial in the chancery court a stipu-

lation was entered into between the McClellans and ITT. It provides, in part:

"At the trial of this cause, Melvin J. McClellan and Betty McClellan will rely exclusively upon the following affirmative defenses, which are denied by ITT, in order to defeat entirely or off-set a portion of the claim of ITT against them:

"(a) That the writ of possession obtained by ITT on December 21, 1978, was wrongfully obtained, was obtained by use of a false affidavit, and resulted in substantial injury to Paverite, which damages are in excess of the amount sued for. Melvin J. McClellan and Betty McClellan guaranteed only the amount of the indebtedness of Paverite to ITT and Paverite not being indebted to ITT, Melvin J. McClellan and Betty McClellan have no liability to ITT."

Upon the trial of the case the chancellor found the issues in favor of ITT and against the McClellans and entered a judgment in excess of $170,000. In his memorandum opinion filed in the case the chancellor said:

"They [McClellans] raise two defenses. First, they contend that when the Writ of Possession was obtained by Plaintiff, ITT, on December 21, 1978, the allegations in the Complaint, that Plaintiff's security was being impaired, was not correct and, thus, the attachment was wrongfully obtained; that because of the wrongful suing out of the Writ, Paverite has suffered serious damages, and that the McClellans are entitled to the benefit thereof."

\* \* \*

"Next, we return to the question of the claim of the wrongful obtaining of the Writ of Possession. Defendants contend that the facts do not support ITT's claim, that ITT's security was being impaired."

\* \* \*

"Considering all of the evidence before us, it's difficult to see how this Court or any Court could have denied Plaintiff its right to seize the property. That being the case, we don't think that the guarantors may benefit from the fact, that the Affidavit did not correctly state the facts that brought about the attachment, and Judgment will be entered against them in the amount stipulated."

▪ This, without question, adjudicated the same issues between the same parties as the case at bar.

The Plaintiff, Paverite, filed a Chapter XI proceeding in bankruptcy on December 13, 1978. On January 8, 1979, ITT filed a claim in the bankruptcy court for $437,-500.48 as a secured claim under a security agreement. On April 23 Paverite filed a complaint in the bankruptcy court against ITT. In that complaint it asked for a judgment against ITT for the same wrongs complained of in the complaint in this case. It also asked that ITT be required to return certain equipment to it. Based upon an agreement between Paverite and ITT the bankruptcy judge entered an order on July 23 permitting Paverite to retain certain equipment and directing that other equipment be surrendered to ITT as preferred security. That order also provides "that the complaint of Paverite, Inc., against ITT Industrial Credit Company be and is hereby dismissed without prejudice." Following this order ITT sold the equipment and on October 9 filed an amended claim. The amendment changed the claim from a secured claim to an unsecured claim and reduced the amount to $181,375.13. On the same day Paverite filed an objection to ITT's claim. The objection states, in part, as follows:

"The debtor hereby objects to claim number 4 filed in this case on January 8, 1979, by ITT Industrial Credit Company in the amount of $481,250.48, and in support of the Objection would show to the Court the following:"

It then relates, in substance, the same wrongful acts by ITT as set forth in the complaint in the case at bar, alleging it resulted in damage to Paverite, and concludes as follows:

"Wherefore, the debtor prays the judgment of the Court on its objection to the claim of ITT Industrial Credit Company."

On November 23 the bankruptcy judge entered the following agreed order:

"Upon consideration of the pleadings filed in this action, and the agreement of

the parties as indicated by signatures of counsel hereon, the Court having entered an order on November 7, 1979, allowing ITT's claim of Twenty-six Thousand, Eight Hundred Thirty-three Dollars and Thirty-three Cents ($26,833.33) as an expense of administration, it is

"ORDERED, that ITT Industrial Credit Company shall have, in addition to its claim for expenses of administration, an unsecured claim in the amount of one Hundred Fifty Thousand, Six Hundred Thirty-three Dollars and One Cent ($150,633.01)."

The order bears the signatures of counsel for both Paverite and ITT.

We think this order is the final adjudication by the bankruptcy judge of all claims of ITT and the objections thereto by Paverite.

■ Paverite argues that the order did not adjudicate the issues raised in its objections to ITT's claim. It says its objections were to the original claim of ITT, that it did not file objections to ITT's amended claim. It says that, since the order entered on July 23 was "without prejudice," it can maintain this suit. It further points out that, although ITT's amended claim and its objection to the original claim were both filed on October 29, the time clock stamps on the documents show the objections were filed at 8:30 and the amended claim as filed at 8:45.

We think Paverite's argument is without merit. We will consider first its insistence that its objections were filed to the original claim and not the amended claim. The fact that ITT amended its claim doesn't put it in the posture of having two separate and distinct claims. It had only one claim. In the beginning it was a secured claim in excess of $400,000. After the court, by its order of July 23, surrendered the collateral to ITT, its claim was reduced to less than $200,000 and at that point was unsecured, but at all times was one continuing claim. Also, it is to be noted that the objections filed by Paverite did not run to the amount of the claim or its security. Nor were any objections filed until after the security had been surrendered to ITT and the amount of its claim substantially reduced. As for the

order of July 23 which dismissed Paverite's claim against ITT without prejudice, that order related to the original suit filed by Paverite on April 23. The order was entered some three months before the objections were filed. The only relation there is between that order and the objections filed to the claim is that the "without prejudice" provision permitted Paverite to assert the alleged wrongful acts of ITT for a second time as a defense to its claim. It will also be observed that the order of November 23 says "upon consideration of the pleadings filed in this action," etc. What pleadings were there for consideration other than the claim of ITT and the objections of Paverite? Also, can it be said that the court was at liberty to ignore the objections of Paverite to the claim of ITT because ITT amended its claim to an unsecured claim for a lesser amount and the objections had no relation to the amount or the security? We think both questions answer themselves.

It is the rule in this state that issues adjudicated in the bankruptcy court are recognized as *res adjudicata* in our courts. See *Meacham v. Haley*, 38 Tenn.App. 20, 270 S.W.2d 503 (1954).

The case of *Pile v. Pile*, 134 Tenn. 370, 183 S.W. 1004, states quite clearly the elements necessary for the doctrine of *res adjudicata* to be applicable. It says:

"In order that a judgment may be effective as *res adjudicata*, it is essential that the party sought to be precluded thereby should have sued or been sued in both cases, in the same capacity or character and to enforce or have adjudged the same right, and it must appear not only that the *res* affected by the two suits is the same, but that the proceedings were for the same object or purpose, the same point being directly in issue. *Bank v. Smith*, 110 Tenn., [337] 338, 75 S.W., 1065; *Melton v. Pace*, 103 Tenn., 484, 53 S.W., 939."

We think all of these criteria are met by the adjudication of the matters in the chancery court as to the McClellans and in the bankruptcy court as to Paverite.

Counsel for the Appellee, in his brief, cites us to the case of *United States v.*

*Coast Wineries, Inc.*, 131 F.2d 643. We think this case is applicable to the issues in the case at bar. There the court said, at 648:

"Subject to the right to obtain a re-examination on review, an order disallowing a claim in bankruptcy is binding and conclusive on all parties or their privies, and being in the nature of a final judgment, furnishes a basis for a plea of *res judicata*. 8 C.J.S., Bankruptcy, p. 1314, § 444; *In re Anderson*, 2 Cir., 279 F. 525; *United States v. American Surety Co.*, 2 Cir., 56 F.2d 734; *In re Universal Rubber Products Co.*, D.C., 25 F.2d 168. The judgments, decrees, and orders of the bankruptcy court in bankruptcy matters possess all the attributes of finality and estoppel accorded to judgments from courts of general original jurisdiction. Remington on Bankruptcy, 4th ed., Vol. 5, § 2312–75, p. 459."

The issues are found in favor of the Appellee. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellants. The case is remanded to the trial court for the collection of costs.

GODDARD and FRANKS, JJ., concur.