Bernice F. WHITSEY, Linda Faye Carter Dukes, Debra Carter, Eddie Marcus Carter, Janice Fleming, Albert Fleming and Shirley Ann Fleming, Plaintiffs-Appellants,

v.

WILLIAMSON COUNTY BANK, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 8, 1985.

Application for Permission to Appeal to the Supreme Court Denied by Supreme Court Nov. 18, 1985.

Arnold Peebles, Jr., Nashville, for plaintiffs-appellants.

Lewis B. Hollabaugh, Michael E. Evans, Manier, White, Herod, Hollabaugh & Smith, P.C., Nashville, for defendant-appellee.

## OPINION

TODD, Presiding Judge, Middle Section.

The plaintiffs have appealed from a summary judgment dismissing their suit against the defendant bank seeking damages for wrongful foreclosure of a trust deed.

Appellants state the issues on appeal as follows:

I. The Doctorine (sic) of *Res Judicata* is not a bar to the Appellants bringing a second action where the first action was dismissed without a trial on merits.

A. In order for a judgment to be effective as *Res Judicata* it must appear that the *res* affected by the two suits is identiacal and that the actions were for an identical object and purpose.

B. The Appellee did not carry its burden of proving the defense of *Res Judicata* and that the first judgment was determined on the merits.

II. The plea of collateral estoppel can only operate as a bar to a second cause of action between the same parties only as to issues which were actually litigated and determined in the former action.

III. The Appellants' cause of action is not barred under the applicable Statute of Limitations.

The Complaint states that, on January 19, 1979, plaintiffs executed a trust deed to secure a credit of $15,000 plus interest thereon; that, about March, 1980, the loan was refinanced by defendant which concealed the terms and conditions of the loan; that the new loan provided for installment payments over a 3 to 5 year period and a "balloon" payment at the end of the period which plaintiffs could not pay; that the property pledged by the trust deed was worth more than the debt; that the trust deed was foreclosed; and that plaintiffs suffered mental anguish and suffering from defendant's wrongful conduct.

The defendant's answer admitted the transactions alleged, denied misconduct and asserted the following defenses:

1. Failure to state a claim upon which relief can be granted.

2. Statute of Limitations.

3. Res judicata, based upon the conclusion of prior litigation in United States District Court.

4. Collateral estoppel based upon the same federal suit.

Thereafter, defendant moved for summary judgment on the following grounds:

1. Res judicata

2. Statute of Limitations

3. No cause of action stated

Exhibited to the motion for summary judgment were the following documents from the United States District Court for the Middle District of Tennessee:

A. Complaint by the plaintiffs herein against Williamson County Bank, Mr. and Mrs. James Gentry and Stanley J. Holton, Trustee, alleging:

1. In February, 1979, plaintiffs procured from Williamson County Bank a loan of $15,000 secured by deed of trust.

2. In 1979, plaintiffs executed another deed of trust for $4,000 in connection with refinancing the first loan.

3. The Bank failed to furnish to plaintiffs the information required to be furnished by the Truth in Lending Act and TCA §§ 47–14–102 and 47–14–201.

4. The Bank advertised and sold plaintiffs' property to the defendants Gentry.

B. Motion of defendants for summary judgment reading as follows:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants Williamson County Bank and Stanley L. Holtman move for summary judgment in their favor on the grounds that the complaint fails to state a claim against defendants upon which relief can be granted, there is no genuine issue as to any material fact, and as a matter of law, defendants are entitled to judgment in their favor. The documents in the loan transaction in question reveal that all disclosures required by law were made and that the interest rate charged was within the interest rate permitted by law.

C. On the face of the motion for summary judgment is a longhand notation as follows:

No response has been filed as required by Rule 56, F.R.Civ.P., and Local Rule 8(b). The Court has considered the motion and supporting affidavits and the entire file. Summary judgment is proper and is accordingly granted to moving defendants. Since the relief prayed against the defendant, Gentrys, is contingent upon plaintiffs success against Bank and Holtman, the suit is also dismissed as to the Gentrys.

(Signed Thomas A. Wiseman, Jr.)

The Judgment of the Trial Court reads as follows:

This cause came on to be heard upon the defendants' Motion for summary judgment together with the pleadings, exhibits, briefs and argument of counsel

and upon the entire record, from all of which the Court is of the opinion that the Motion for summary judgment is well taken and should be, and hereby is, sustained. It is accordingly ORDERED, ADJUDGED and DECREED by the Court that the complaint herein be and the same hereby is dismissed. Plaintiffs will pay court costs for which execution may issue.

On appeal to this Court, appellants first argue that a previous dismissal is not res judicata unless the dismissal is upon the merits. Appellants cite *Stewart v. University of Tennessee,* Tenn. 1974, 519 S.W.2d 591. In that case the previous order was leave to enter a voluntary nonsuit, which is synonymous with dismissal without prejudice. The Federal summary judgment, quoted, above contained no suggestion of any reservation of any right to renew the litigation.

■ Appellants next argue that the Federal dismissal could not be a dismissal upon the merits because it contained no finding of facts as required by Federal Rule of Civil Procedure Rule 41(b). This argument amounts to a collateral attack upon the final judgment of a court, which may not be entertained under circumstances of this appeal. The record contains evidence that plaintiffs filed but failed to prosecute an appeal from the Federal Summary judgment. Having allowed the Federal judgment to be entered for failure to respond, and having allowed the appeal from the Federal Judgment to be dismissed for failure to respond to a show cause order, the appellants are in no position to request this Court to disregard the Federal Judgment.

Moreover, the Federal Judgment, entered under Federal Civil Rule 56, does not require a finding of Fact—Federal Civil Rule 52(a).

■ Appellants next insist that the right of action concluded by the Federal judgment was not the same right of action asserted in the present action, but there is no citation to the record and no specification of differences between the Federal suit and the present suit for information in this regard. From the pleadings, above quoted, it appears to this Court that both suits were predicated upon alleged failure to inform plaintiffs of the details of their loan as required by law. The complaint in the present suit contains some verbose embellishments such as ignorance of plaintiffs and confidential relationship, but such embellishments do not amount to assertion of a separate and distinct right of action.

Appellants next insist that defendant did not carry its burden of proving that the first suit was concluded on its merits. The judgment of the Federal Court, quoted above, is ample evidence of dismissal upon the merits. Unless the order of dismissal specifies otherwise, a dismissal in a Federal Court is with prejudice. Federal Rules of Civil Procedure, Rule 41(b). Under this rule a dismissal may be "on the merits" (with prejudice) without a trial "on the merits".

A judgment in a particular action is res judicata as to all claims and issues which were relevant to and which could reasonably have been litigated in the prior action. *American National Bank and Trust Co. v. Clark,* Tenn. 1979, 586 S.W.2d 825. This is true even though the prior case was in Federal Court and the subsequent suit is brought in a State Court. *Paverite Inc. v. ITT Industrial Credit Co.,* Tenn.App. 1981, 621 S.W.2d 759.

Appellants next insist that collateral estoppel is not applicable to the present proceedings, but do not point out the distinction in issues. For the same reasons discussed above in connection with res judicata, the argument against collateral estoppel is without merit.

■ Appellants next insist that their suit is not barred by the statute of limitations. Appellants concede that their right of action is contractual in nature, but insist that the statute did not begin to run until the discovery of the wrong at the time of the foreclosure on April 9, 1982.

The complaint in the present case was filed on November 9, 1983, one year, seven

months after the date of foreclosure and presumed date of plaintiffs' alleged "mental anguish and suffering".

The statutory limitation on actions for personal injury is one year. TCA § 28–3–104. This includes actions for mental anguish, regardless of the nature of the wrong which produced the injury. *Pera v. Kroger Co.*, Tenn. 1984, 674 S.W.2d 715.

Finally, appellants attempt to rely upon TCA § 28–1–105, the "Saving Statute", which is inapplicable because it applies only to suits previously dismissed "on any ground not concluding this action". As previously discussed, the Federal summary judgment did conclude the action.

The record does not disclose the ground or grounds upon which the Trial Judge sustained the motion for summary judgment. Ample grounds for affirmance have heretofore been discussed. The ground of failure to state a claim upon which relief can be granted, which is ordinarily asserted as a ground of motion to dismiss rather than motion for summary judgment, and which appellee urges in its brief, will be pretermitted.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against appellants. The cause is remanded for such further proceedings, if any, as may be necessary and proper.

Affirmed and remanded.

CANTRELL, and KOCH, JJ., concur.